IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| GLORIA DEAN CLARK, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:21-cv-1105-E-BN |
| | § | |
| EY, | § | |
| | § | |
| Defendant. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

Plaintiff Gloria Dean Clark brings this *pro se* disability discrimination case against Defendant EY, who appears to be Ernst & Young, her former employer. *See* Dkt. No. 3. Clark alleges that she was discharged by EY in November 2018 "due to [her] disability," "while on Leave of Absence," but "was told over the phone [that she] was being discharged due to performance." *Id.* at 2 (concluding, "I believe that I was discharged based on my disability, in violation of the Americans with Disabilities Act of 1990.").

Attached to her complaint is a charge of discrimination from March 2019, *see id.*, and EY's March 23, 2020 response to that charge, *see id.* at 3-5, but no right to sue letter from the EEOC. Clark further attaches a February 10, 2017 letter from EY indicating that she was on paid leave of absence from January 5, 2017 to January 15, 2017 and was placed on unpaid leave of absence on January 16, 2017. *See id.* at 6. And other documents attached to the complaint indicate that Clark injured her wrist while lifting a large container of mail on October 13, 2016. *See, e.g., id.* at 15.

United States District Judge Ada Brown referred Clark's lawsuit to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference. Through a separate order, the Court will grant Clark leave to proceed *in forma pauperis* (IFP). And the undersigned enters these findings of fact, conclusions of law, and recommendation that the Court should dismiss the complaint without prejudice for the reasons and to the extent outlined below.

**Legal Standards**

A district court is required to screen a civil action filed IFP and may summarily dismiss that action, or any portion of the action, if, for example, it fails to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii). This provision of the IFP statute "tracks the language of Federal Rule of Civil Procedure 12(b)(6)." *Black v. Warren*, 134 F.3d 732, 733-34 (5th Cir. 1998) (per curiam).

And "[i]t is well-established that a district court may dismiss a complaint on its own motion under [Rule] 12(b)(6) for failure to state a claim upon which relief may granted." *Starrett v. U.S. Dep't of Defense*, No. 3:18-cv-2851-M-BH, 2018 WL 6069969, at *1 (N.D. Tex. Oct. 30, 2018) (citing *Carroll v. Fort James Corp.*, 470 F.3d 1171 (5th Cir. 2006) (citing, in turn, *Shawnee Int'l, N.V. v. Hondo Drilling Co.*, 742 F.2d 234, 236 (5th Cir. 1984))), *rec. accepted*, 2018 WL 6068991 (N.D. Tex. Nov. 20, 2018), *aff'd*, 763 F. App'x 383 (5th Cir.) (per curiam), *cert. denied*, 140 S. Ct. 142 (2019).

A district court may exercise its "inherent authority ... to dismiss a complaint on its own motion ... 'as long as the procedure employed is fair.'" *Gaffney v. State Farm*

*Fire & Cas. Co.*, 294 F. App'x 975, 977 (5th Cir. 2008) (per curiam) (quoting *Carroll*, 470 F.3d at 1177 (quoting, in turn, *Bazrowx v. Scott*, 136 F.3d 1053, 1054 (5th Cir. 1998)); citation omitted). The United States Court of Appeals for Fifth Circuit has "suggested that fairness in this context requires both notice of the court's intention to dismiss *sua sponte* and an opportunity to respond." *Id.* (quoting *Lozano v. Ocwen Fed. Bank, FSB*, 489 F.3d 636, 643 (5th Cir. 2007) (quoting, in turn, *Carroll*, 470 F.3d at 1177); internal quotation marks and brackets omitted). These findings, conclusions, and recommendations provides notice, and the period for filing objections to them affords an opportunity to respond. *See, e.g., Starrett*, 2018 WL 6069969, at *2 (citations omitted)).

Dismissal for failure to state a claim under either Rule 12(b)(6) or Section 1915(e)(2)(B)(ii) "turns on the sufficiency of the '*factual* allegations' in the complaint," *Smith v. Bank of Am., N.A.*, 615 F. App'x 830, 833 (5th Cir. 2015) (per curiam) (quoting *Johnson v. City of Shelby, Miss.*, 574 U.S. 10, 12 (2014) (per curiam)), as neither the IFP statute nor the Federal Rules of Civil Procedure "countenance dismissal of a complaint for imperfect statement of the legal theory supporting the claim asserted," *Johnson*, 574 U.S. at 11.

Instead, plaintiffs need only "plead facts sufficient to show" that the claims asserted have "substantive plausibility" by stating "simply, concisely, and directly events" that they contend entitle them to relief. *Id.* at 12 (citing FED. R. CIV. P. 8(a)(2)-(3), (d)(1), (e)).

"A claim has facial plausibility when the plaintiff pleads factual content that

allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* And "[a] claim for relief is implausible on its face when 'the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct.'" *Harold H. Huggins Realty, Inc. v. FNC, Inc.*, 634 F.3d 787, 796 (5th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 679); *see also Inclusive Communities Project, Inc. v. Lincoln Prop. Co.*, 920 F.3d 890, 899 (5th Cir. 2019) ("'Determining whether a complaint states a plausible claim for relief' is 'a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.'" (quoting *Iqbal*, 556 U.S. at 679; citing *Robbins v. Oklahoma*, 519 F.3d 1242, 1248 (10th Cir. 2008) ("[T]he degree of specificity necessary to establish plausibility and fair notice, and therefore the need to include sufficient factual allegations, depends on context."))).

While, under Federal Rule of Civil Procedure 8(a)(2), a complaint need not contain detailed factual allegations, a plaintiff must allege more than labels and conclusions, and, while a court must accept all of a plaintiff's allegations as true, it is "not bound to accept as true a legal conclusion couched as a factual allegation." *Iqbal*, 556 U.S. at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A threadbare or formulaic recitation of the elements of a cause of action, supported by mere conclusory statements, will not suffice. *See id.*

This rationale has even more force here, as the Court "must construe the

pleadings of *pro se* litigants liberally," *Andrade v. Gonzales*, 459 F.3d 538, 543 (5th Cir. 2006), "to prevent the loss of rights due to inartful expression," *Marshall v. Eadison*, 704CV123HL, 2005 WL 3132352, at *2 (M.D. Ga. Nov. 22, 2005) (citing *Hughes v. Rowe*, 449 U.S. 5, 9 (1980)). But "liberal construction does not require that the Court ... create causes of action where there are none." *Smith v. CVS Caremark Corp.*, No. 3:12-cv-2465-B, 2013 WL 2291886, at *8 (N.D. Tex. May 23, 2013). "To demand otherwise would require the 'courts to explore exhaustively all potential claims of a *pro se* plaintiff' and would "transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party.'" *Jones v. Mangrum*, No. 3:16-cv-3137, 2017 WL 712755, at *1 (M.D. Tenn. Feb. 23, 2017) (quoting *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985)).

"Ordinarily, 'a *pro se* litigant should be offered an opportunity to amend his complaint before it is dismissed.'" *Wiggins v. La. State Univ. – Health Care Servs. Div.*, 710 F. App'x 625, 627 (5th Cir. 2017) (per curiam) (quoting *Brewster v. Dretke*, 587 F.3d 764, 767-68 (5th Cir. 2009)). But leave to amend is not required where an amendment would be futile, *i.e.,* "an amended complaint would still 'fail to survive a Rule 12(b)(6) motion,'" *Stem v. Gomez*, 813 F.3d 205, 215-16 (5th Cir. 2016) (quoting *Marucci Sports, L.L.C. v. Nat'l Collegiate Athletic Ass'n*, 751 F.3d 368, 378 (5th Cir. 2014)), or where a plaintiff has already amended his claims, *see Nixon v. Abbott*, 589 F. App'x 279, 279 (5th Cir. 2015) (per curiam) ("Contrary to Nixon's argument, he was given the opportunity to amend his complaint in his responses to the magistrate

judge's questionnaire, which has been recognized as an acceptable method for a *pro se* litigant to develop the factual basis for his complaint." (citation omitted)).

## Analysis

The only employment discrimination claim that Clark alleges is that she was terminated in violation of the Americans with Disabilities Act, 42 U.S.C. § 12101, *et seq.* (the ADA), which "bars an employer from, *inter alia,* terminating a 'qualified individual with a disability on the basis of that disability.'" *Williams v. Waste Mgmt., Inc.*, 818 F. App'x 315, 324 (5th Cir. 2020) (per curiam) (quoting *EEOC v. LHC Grp., Inc.*, 773 F.3d 688, 694 (5th Cir. 2014) (quoting, in turn, 42 U.S.C. § 12112(a))).

To allege, and ultimately prove, her ADA discriminatory termination claim, Clark "may either present direct evidence that she was discriminated against because of her disability or alternatively proceed under [a] burden-shifting analysis." *LHC Grp.*, 773 F.3d at 694.

"'[D]irect evidence is rare'" and has been defined by the Fifth Circuit "as 'evidence which, if believed, proves the fact without inference or presumption.'" *Clark v. Champion Nat'l Sec., Inc.*, 952 F.3d 570, 579 (5th Cir. 2020) (footnotes omitted). For example, "'[a] statement or document which shows "on its face that an improper criterion served as a basis – not necessarily the sole basis, but a basis – for the adverse employment action [is] direct evidence of discrimination."'" *Id.* (footnote omitted).

Because Clark makes no allegation implicating direct evidence of disability discrimination, she must proceed under the applicable burden-shifting analysis and first articulate a prima facie case of wrongful termination under the ADA, which has

three requirements: "(1) that [she] has a disability; (2) that [she] was qualified for the job; [and] (3) that [she] was subject to an adverse employment decision on account of [her] disability." *LHC Grp.*, 773 F.3d at 697 (quoting *Zenor v. El Paso Healthcare Sys., Ltd.*, 176 F.3d 847, 853 (5th Cir. 1999)).

A plaintiff need not establish a prima facie case in order to survive judicial screening under Section 1915(e)(2)(B). *Cf. Cicalese v. Univ. of Tex. Med. Branch*, 924 F.3d 762, 766 (5th Cir. 2019); *Raj v. La. State Univ.*, 714 F.3d 322, 331 (5th Cir. 2013).

But a plaintiff must "plead sufficient facts on all of the ultimate elements of [her] claim to make [her] case plausible." *Chhim v. Univ. of Tex. at Austin*, 836 F.3d 467, 470 (5th Cir. 2016) (citations omitted); *see also Meadows v. City of Crowley*, 731 F. App'x 317, 318 (5th Cir. 2018) (per curiam) ("*Raj*, however, does not exempt a plaintiff from alleging facts sufficient to establish the elements of her claims." (citations omitted)).

So, under Section 1915(e)(2)(B)(ii), the Court must ask whether Clark has provided enough facts to allege an actionable claim of employment discrimination under the ADA. *See Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512-13 (2002). And, if she "has not pled such facts," it is "proper[ to] dismiss her complaint." *Meadows*, 731 F. App'x at 318; *see also Cicalese*, 924 F.3d at 766-67 (noting that the district court's "task is to identify the ultimate elements of [the applicable employment-related] claim and then determine whether the" plaintiff has pled those elements but that a "district court err[s if it] require[es a plaintiff] to plead something beyond those elements to survive a motion to dismiss").

So far, Clark has not pled "sufficient facts on all of the ultimate elements" required to allege a plausible ADA discrimination claim. *Chhim*, 836 F.3d at 470.

First, her allegations identify a wrist injury and that she sought worker's compensation for that injury, but such allegations are not enough to plausibly allege a disability under the ADA, which is defined as "(A) a physical or mental impairment that substantially limits one or more major life activities of such individual; (B) a record of such an impairment; or (C) being regarded as having such an impairment." 42 U.S.C. § 12102(1). "Not every illness, condition or impairment constitutes a disability within the meaning of the ADA." *Marecheau v. Equal Emp't Practices Comm'n*, No. 13-CV-2440 (VEC), 2014 WL 5026142, at *6 (S.D.N.Y. Sept. 30, 2014) (citing 29 C.F.R. § 1630.2(j)(1)(ii)). And, alone, "[j]ob-related injuries and prior worker's compensation claims do not meet the statutory definition of 'disability.'" *Bachman v. Donahoe*, No. 3:11-cv-1864-M-BD, 2011 WL 4084784, at *2 (N.D. Tex. Aug. 24, 2011), *rec. accepted*, 2011 WL 4074491 (N.D. Tex. Sept. 12, 2011), *aff'd*, 460 F. App'x 383, 384-85 (5th Cir. 2012) (per curiam) ("Prior workman's compensation claims do not fit this statutory definition; therefore, Bachman's ADA claim fails.").

Clark also has not provided enough facts to plausibly allege that she is a qualified individual under the ADA, which requires facts showing

> that either (1) [she] could "perform the essential functions of the job in spite of [her] disability," or, if she could not, (2) that "a reasonable accommodation of [her] disability would have enabled [her] to perform the essential functions of the job." *Turco v. Hoechst Celanese Corp.*, 101 F.3d 1090, 1093 (5th Cir. 1996) (per curiam) (citing the ADA, 42 U.S.C. § 12111(8), which defines "qualified individual" as "an individual who, with or without reasonable accommodation, can perform the essential functions of the employment position ...").

*LHC Grp.*, 773 F.3d at 697; *accord Clark*, 952 F.3d at 582.

Clark's claims as currently pled are therefore subject to dismissal. And, because the Court is "not bound to accept as true a legal conclusion couched as a factual allegation," *Iqbal*, 556 U.S. at 678, if Clark elects to file an amended complaint, she must allege enough facts to support all ultimate elements of her ADA claim.

In sum, the complaint as filed should be dismissed without prejudice to Clark's ability to file, within a reasonable time to be set by the Court, an amended complaint that cures all deficiencies, including those identified above.

## Recommendation

The Court should dismiss Plaintiff Gloria Dean Clark's complaint without prejudice to her filing within a reasonable time to be set by the Court an amended complaint that cures, where possible, the deficiencies in her initial pleading.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure

to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: May 19, 2021

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE