IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| GLORIA DEAN CLARK, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:21-cv-1105-E-BN |
| | § | |
| EY, | § | |
| | § | |
| Defendant. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

Plaintiff Gloria Dean Clark brought this *pro se* case against Defendant EY, who appears to be Ernst & Young, her former employer, alleging that she was terminated in violation of the Americans with Disabilities Act, 42 U.S.C. § 12101, *et seq.* (the ADA), which "bars an employer from, *inter alia*, terminating a 'qualified individual with a disability on the basis of that disability.'" *Williams v. Waste Mgmt., Inc.*, 818 F. App'x 315, 324 (5th Cir. 2020) (per curiam) (quoting *EEOC v. LHC Grp., Inc.*, 773 F.3d 688, 694 (5th Cir. 2014) (quoting, in turn, 42 U.S.C. § 12112(a))).

United States District Judge Ada Brown referred Clark's lawsuit to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference. The Court granted Clark leave to proceed *in forma pauperis*, *see* Dkt. No. 6, and dismissed her initial complaint without prejudice to her filing an amended complaint, *see* Dkt. Nos. 7-10; *Clark v. EY*, No. 3:21-cv-1105-E-BN, 2021 WL 2302444 (N.D. Tex. May 19, 2021), *rec. accepted*, 2021 WL 2291066 (N.D. Tex. June 4, 2021) (*Clark I*).

Clark filed an amended complaint on June 22, 2021. *See* Dkt. No. 12. Generally, "[a]n amended complaint supersedes the original complaint and renders it of no legal effect unless the amended complaint specifically refers to and adopts or incorporates by reference the earlier pleading." *King v. Dogan*, 31 F.3d 344, 346 (5th Cir. 1994) (per curiam) (citation omitted). Clark's one-page amended complaint provides only that she would "like to amend my complaint seeking additional damages" that she then sets out. Dkt. No. 12. But, even if the Court finds that this filing incorporates by reference her initial complaint, Clark's lawsuit should now be dismissed with prejudice because, as set out in *Clark I*, Clark has failed to plead facts sufficient to show that her ADA claims are plausible.

As previously explained,

> [b]ecause Clark [made] no allegation [in the initial complaint] implicating direct evidence of disability discrimination, she must proceed under the applicable burden-shifting analysis and first articulate a prima facie case of wrongful termination under the ADA, which has three requirements: "(1) that [she] has a disability; (2) that [she] was qualified for the job; [and] (3) that [she] was subject to an adverse employment decision on account of [her] disability." *LHC Grp.*, 773 F.3d at 697 (quoting *Zenor v. El Paso Healthcare Sys., Ltd.*, 176 F.3d 847, 853 (5th Cir. 1999)).
>
> A plaintiff need not establish a prima facie case in order to survive judicial screening under [28 U.S.C. §] 1915(e)(2)(B). *Cf. Cicalese v. Univ. of Tex. Med. Branch*, 924 F.3d 762, 766 (5th Cir. 2019); *Raj v. La. State Univ.*, 714 F.3d 322, 331 (5th Cir. 2013).
>
> But a plaintiff must "plead sufficient facts on all of the ultimate elements of [her] claim to make [her] case plausible." *Chhim v. Univ. of Tex. at Austin*, 836 F.3d 467, 470 (5th Cir. 2016) (citations omitted); *see also Meadows v. City of Crowley*, 731 F. App'x 317, 318 (5th Cir. 2018) (per curiam) ("*Raj*, however, does not exempt a plaintiff from alleging facts sufficient to establish the elements of her claims." (citations omitted)).
>
> So, under Section 1915(e)(2)(B)(ii), the Court must ask whether Clark has provided enough facts to allege an actionable claim of

> employment discrimination under the ADA. *See Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512-13 (2002). And, if she "has not pled such facts," it is "proper[ to] dismiss her complaint." *Meadows*, 731 F. App'x at 318; *see also Cicalese*, 924 F.3d at 766-67 (noting that the district court's "task is to identify the ultimate elements of [the applicable employment-related] claim and then determine whether the" plaintiff has pled those elements but that a "district court err[s if it] require[es a plaintiff] to plead something beyond those elements to survive a motion to dismiss").
>
> [Even after the Court explained the pleading requirements to her,] Clark has not pled "sufficient facts on all of the ultimate elements" required to allege a plausible ADA discrimination claim. *Chhim*, 836 F.3d at 470.

*Clark I*, 2021 WL 2302444, at *3-*4; *see also id.* at *4 (cautioning Clark that, "because the Court is 'not bound to accept as true a legal conclusion couched as a factual allegation,' if [she] elects to file an amended complaint, she must allege enough facts to support all ultimate elements of her ADA claim" (citation omitted)).

## Recommendation

The Court should dismiss this action with prejudice.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the

- 4 -

factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: August 18, 2021

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE